JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Mary Stazione ("appellant") appeals from the decision of the trial court granting defendant-appellee Lakefront Lines, Inc.'s ("appellee") motion for summary judgment in this slip and fall case. Having reviewed the arguments of the parties and the pertinent law, we affirm the decision of the trial court.
 I {¶ 2} On November 20, 2000, appellant went on a bus trip offered by appellee to Windsor, Ontario in Canada. Appellant arrived back in her hometown area later that same day at approximately 8:10 p.m. Appellant subsequently fell over a parking barrier in the parking lot, resulting in her being taken to the emergency room at Parma General Hospital where she was diagnosed with acute fractures of the eighth and ninth ribs.
 {¶ 3} On February 25, 2002, appellant filed her complaint in the trial court alleging that appellee was negligent in the placement and maintenance of its parking barriers. Appellee filed a motion for summary judgment on or about January 21, 2003, stating that it owed no duty to appellant because the parking barrier was an open-and-obvious danger and she had assumed the risks of injury by stepping out in the dark. Appellant filed her opposition on May 23, 2003. On June 4, 2003, the trial court granted the appellee's summary judgment.
 II {¶ 4} Appellant's first assignment of error states: "The trial court erred in granting summary judgment where the evidence demonstrated genuine issues of material fact regarding the forseeability of injury caused by a hazardous condition of which appellee had notice and/or created."
 {¶ 5} Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std.Oil Co. (1982), 70 Ohio St.2d 1; Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317.
 {¶ 6} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether: (1) a defendant owed a duty of care; (2) the defendant breached this duty; and (3) the breach was the proximate cause of plaintiff's injury causing damage. Texler v. D.O. Summers Cleaners Shirt Laundry Co.
(1998), 81 Ohio St.3d 677, 680.
 {¶ 7} While a premises owner is not an insurer of its invitees' safety, the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers. Jackson v. Kings Island (1979),58 Ohio St.2d 357, 358. Invitees likewise have a duty in that they are expected to take reasonable precautions to avoid dangers that are patent or obvious. See Brinkman v. Ross (1993),68 Ohio St.3d 82, 84. Whether a duty exists is a question of law for the court to determine. Mussivand v. David (1989),45 Ohio St.3d 314, 318.
 {¶ 8} A business owner, however, is under no duty to provide an illuminated parking area. Jeswald v. Hutt (1968),15 Ohio St.2d 224, paragraph one of the syllabus; see, also, Mowery v.Shoaf, 148 Ohio App.3d 403, 2002-Ohio-3006 at page 33. "Darkness is always a warning of danger, and for one's own protection, it may not be disregarded." Jeswald, at paragraph three of the syllabus.
 {¶ 9} In this case, the appellant argues that the parking lot was not well lit, the parking barriers were not visible, the customers were elderly, and there were prior falls at the same location. None of the facts above invalidate the trial court's granting of appellee's summary judgment motion.
 {¶ 10} In the case sub judice, the barrier in question involved a parking barrier in a lit parking lot. This was a barrier, not unlike other parking barriers over which individuals such as appellant encounter on a daily basis. Without more, we cannot say that a common and ordinary occurrence of everyday life creates an issue of fact precluding summary judgment. Therefore, reasonable minds could only conclude that appellant's inability to successfully undertake a common and ordinary task such as walking through a lit parking lot was the proximate cause of her injury or, at the very least, that appellant's negligence was greater than that of appellee's. Consequently, it was not error for the trial court to grant appellee's motion for summary judgment because there was no genuine issue of material fact on the issue of causation. In addition, as previously stated, the appellant in this case is under no duty to provide an illuminated parking area.
 III {¶ 11} Appellant's second assignment of error states: "The open and obvious doctrine as articulated in Armstrong v. BestBuy, Inc. (2003), 99 Ohio St.3d 79, does not abrogate appellee's duty of care and thus does not apply to completely bar negligence in the present case."
 {¶ 12} The open-and-obvious doctrine states that a premises owner owes no duty to persons entering those premises regarding dangers that are open and obvious. The rationale underlying this doctrine is that the open-and-obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers. When applicable, however, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims. Armstrong v. Best Buy Co.,99 Ohio St.3d 79, 2003-Ohio-2573. The owner or occupier of the premises is not an insurer of the safety of those traversing the premises. Thus, a property owner is under no duty to protect a business invitee from hazards which are so obvious and apparent that the invitee is reasonably expected to discover and protect against them herself. Paschel v. Rite Aid Pharmacy (1985),18 Ohio St.3d 203.
 {¶ 13} The location and size of the parking barrier in this case was obvious and apparent enough that it was reasonable in this situation for appellee to expect appellant to notice the barrier and protect herself accordingly. We find that the specific facts in this particular case regarding appellant's falling over the open-and-obvious danger, the parking barrier in this case, does abrogate appellee's duty of care and, therefore, does bar negligence on appellee's part in the present case. Appellant's second assignment of error is overruled.
 IV {¶ 14} Appellant's third assignment of error states: "The step-in-the-dark-rule is an element of a comparative negligence analysis but is not dispositive of liability."
 {¶ 15} The step-in-the-dark rule, as enunciated by Ohio courts, holds generally that one who, from a lighted area, intentionally steps into total darkness, without knowledge, information, or investigation as to what the darkness might conceal, is guilty of contributory negligence as a matter of law.Flury v. Central Publishing House (1928), 118 Ohio St. 154;Gabel v. Apcoa, Inc., Cuyahoga App. No. 74794, 1999-Ohio-4912.
 {¶ 16} One who maintains a private motor vehicle parking area, for the accommodation of those he serves in a professional or business way, is generally under no legal obligation to illuminate the same at night or to remove a natural accumulation of snow and ice therefrom. Jeswald v. Hutt, 15 Ohio St.2d 224. "Darkness" is always a warning of danger, and for one's own protection it may not be disregarded. Its disregard may preclude the recovery of damages for personal injuries. Id.
 {¶ 17} The trial court was correct when it stated the following in its June 6, 2003 journal entry:
"Plaintiff has offered no evidence demonstrating that theparking barriers were defective or poorly maintained. Defendanthas no duty to provide an illuminated parking lot. Alvarado v.Cinemark USA, Inc. (2003 OH Ct of App) 8th Dist No. 81702,unreported. Plaintiff was more than 50% negligent when shetripped over cement parking stop. Parking stops are commonplacedevices whose use in a parking lot is reasonably foreseen.Plaintiff's attempt to negotiate walking between parked vehiclesin poor lighting constituted greater negligence than that of theparking lot owner. Final." (Emphasis added.)
 {¶ 18} In the case sub judice, appellant's actions outweighed any alleged negligence on the part of the appellee. Appellant's failure to investigate a safe alternative route from the vehicle to her son, the fact that the appellee had no duty to illuminate its parking lot, and appellant's failure to determine the nature of the conditions in the parking lot prior to falling over the parking barrier, were clearly the proximate cause of appellant's injuries. The actions on the part of the appellant mentioned above undoubtedly superceded and outweighed any alleged negligence on the part of appellee.
 {¶ 19} For the foregoing reasons, this court finds that appellant was, in fact, negligent and that her own negligence precluded recovery as a matter of law. Appellant's third assignment of error is overruled.
 {¶ 20} The Judgment is affirmed.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., Concurs.
 TIMOTHY E. McMONAGLE, J., Concurs in judgment only
 (Separate concurring opinion attached.)