JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Josef and Martha Maier, appeal from the order of the trial court granting summary judgment on behalf of defendants, Sanson Properties ("Sanson") and the Northern Ohio Food Terminal ("NOFT"), regarding a negligence action. After reviewing the record and for the reasons stated below, we affirm the decision of the lower court.
 {¶ 2} The Maiers' negligence claim in this case arose from an incident that occurred during the early hours of July 23, 2001. On that day, appellants, who are independent truckers, drove their truck to NOFT to make a delivery. NOFT is a large produce distribution center. Specifically, appellants were delivering a shipment of lettuce to Sanson, a wholesaler of fruits and vegetables that leases warehouse space in NOFT. After parking in NOFT's parking lot, Josef Maier proceeded to walk from his truck to the Sanson office, where he delivered a freighting bill and received instructions as to which dock to make the delivery. As Josef was returning to his truck, he became entangled in a sheet of clear plastic wrap, he fell to the pavement and sustained injuries to his knees. Appellants claimed that the wrap came from the Sanson facility and that NOFT, which owns the center and is responsible for the common areas, was also negligent in its actions.
 {¶ 3} On July 15, 2003, appellants filed their negligence complaint against NOFT and Sanson in common pleas court. Both defendants subsequently moved for summary judgment, and on December 9, 2004, the trial court granted both motions. On January 5, 2005, appellants filed this timely appeal asserting the following sole assignment of error:
 {¶ 4} "I. THE LOWER COURT ERRED IN GRANTING APPELLEE'S SUMMARY JUDGMENT."
 Summary Judgment {¶ 5} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267.
 {¶ 6} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed.2d 265; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,604 N.E.2d 138.
 {¶ 7} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. ofTexas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of therecord which demonstrate the absence of a genuine issue of fact ormaterial element of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 8} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saundersv. McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v.Leadworks Corp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 Claim Against Northern Ohio Food Terminal {¶ 9} Appellants' complaint against NOFT asserts negligent conduct on NOFT's part concerning two factors that Josef Maier attributes to his fall. These two factors were improper lighting in the parking area and loose debris on the terminal's grounds. Upon review of the record, in conjunction with applicable law, appellants cannot sustain a cause of action on either of these grounds; thus, summary judgment in favor of appellees NOFT is affirmed.
 {¶ 10} "To defeat a motion for summary judgment filed by defendant in a negligence action, plaintiff must identify a duty, or duties, owed him by the defendant, and the evidence must be sufficient, considered most favorably to the plaintiff, to allow reasonable minds to infer that a specific duty was breached, that the breach of duty was the proximate cause of plaintiff's injury, and that plaintiff was injured." See Wellmanv. East Ohio Gas Co. (1953), 160 Ohio St. 103, 51 O.O. 27. Whether a duty exists is a question of law for the court to determine. Mussivandv. David (1989), 45 Ohio St.3d 314, 318.
 {¶ 11} In regard to the issue of NOFT's responsibility as to lighting, the Ohio Supreme Court in Jeswald v. Hutt has stated:
 {¶ 12} "It was squarely held in the case of Warren v. Squire RoadCabin, Inc., 347 Mass. 764, 196 N.E.2d 927, that the owner of an eating establishment had no duty to provide illumination in the parking area he maintained for his business invitees. The court there said that `the condition of darkness was obvious to the plaintiff.'
 {¶ 13} "`Darkness' is always a warning of danger, and for one's own protection it may not be disregarded. Its disregard may preclude the recovery of damages for personal injuries. Central Publishing House ofReformed Church v. Flury, 25 Ohio App. 214, affirmed, 118 Ohio St. 154,160 N.E. 679." Jeswald v. Hutt (1968), 15 Ohio St.2d 224, 239 N.E.2d 37.
 {¶ 14} This court, in Stazione v. Lakefront Lines, Inc., Cuyahoga App. No. 83110, 2004-Ohio-141, recently made it clear that the view presented in Jeswald remains the view of this court, stating:
 {¶ 15} "While a premises owner is not an insurer of its invitees' safety, the premises owner must warn its invitees of latent or concealed dangers if the owner knows or has reason to know of the hidden dangers.Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 358, 390 N.E.2d 810. Invitees likewise have a duty in that they are expected to take reasonable precautions to avoid dangers that are patent or obvious. SeeBrinkman v. Ross (1993), 68 Ohio St.3d 82, 84, 1993 Ohio 72, 623 N.E.2d 1175. * * *
 {¶ 16} "A business owner, however, is under no duty to provide an illuminated parking area. Jeswald v. Hutt (1968), 15 Ohio St.2d 224,239 N.E.2d 37, paragraph one of the syllabus; see, also, Mowery v.Shoaf, 148 Ohio App.3d 403, 2002-Ohio-3006 at ¶ 33, 773 N.E.2d 1053 * * *
 {¶ 17} "In this case, the appellant argues that the parking lot was not well lit, the parking barriers were not visible, the customers were elderly, and there were prior falls at the same location. None of the facts above invalidate the trial court's granting of appellee's summary judgment motion." Id.
 {¶ 18} In the instant case, appellants allege that the parking area in question was poorly lit, which they assert is actionable negligence on the part of NOFT. Appellants' support for this allegation is based heavily upon the deposition of Sergeant Klimczak, who stated that there were other accidents that had occurred due to poor lighting prior to appellant's accident. According to applicable law, this is insufficient to sustain a negligence claim in this situation; thus, appellants' cause of action based upon poor lighting fails.
 {¶ 19} Similarly, appellants' cause of action based upon the existence of loose debris on the terminal's common grounds also fails. Josef Maier became entangled in a piece of plastic that was loose on the common area floor of the NOFT. Appellants presented evidence establishing that the plastic in question was of the type that is used to wrap shipments of strawberries. Appellants also presented evidence that it was common for the shipments of strawberries that came into NOFT to be immediately unwrapped in order to perform a quality check. Consequently, appellants contend that the particular piece of plastic involved here lay improperly on the floor due to NOFT's negligence, thus making NOFT liable for appellant's injuries.
 {¶ 20} This court addressed the issue in Wright v. K-Mart (Mar. 12, 1987), Cuyahoga App. No. 51709, as follows:
 {¶ 21} "The appellant's action was grounded upon a claim against the appellee for negligent maintenance of the premises. As the appellant was a business invitee of the appellee, the appellee owed her the duty to exercise ordinary care in making the premises safe for her use. A shopkeeper is not an insurer of the invitee's safety while on the premises. Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584. The invitee must establish that a potential hazard existed and `[t]hat such sufficient potential hazard was created by some negligent act of the operator of the [store] or his employees or [t]hat such operator or his employees had, or should in the exercise of ordinary care have had, notice of the potential hazard for a sufficient time to enable them in the exercise of ordinary care to remove it or to warn customers about it.' Anaple v. The Standard Oil Co. (1955), 162 Ohio St. 537, paragraph one of the syllabus." Id.
 {¶ 22} In the case at bar, appellants have not sufficiently established the requisite facts to survive NOFT's motion for summary judgment. The extent of appellants' case on this issue is that these plastic sheets are used to wrap shipments of strawberries and that one of these sheets ended up on the floor. Appellants have failed to establish where this particular piece of plastic came from, or how long it had been on the floor, or that its existence on the floor was due to any negligence on the part of NOFT. Therefore, appellants' arguments here fail and the trial court's granting of NOFT's motion for summary judgment is upheld.
 Claim Against Sanson Properties {¶ 23} Appellants also challenge the trial court's ruling granting summary judgment in favor of the defendant-appellee, Sanson. They contend that Sanson's liability "rests on the acts of its employees in creating an unsafe work place."[1] Specifically, "[a]ppellants' claim against Sanson is based on failure of its employees to properly dispose of the plastic sheeting in which Appellant became entangled."[2] Ultimately, appellants' claims against Sanson also fail.
 {¶ 24} The above presented analyses and conclusions pertaining to NOFT also apply to Sanson where appellants assert the same arguments against Sanson as against NOFT. Thus, any allegations asserting improper lighting or improper maintenance of the floor premises are without merit. Furthermore, "an inference of negligence does not arise from mere guess, speculation, or wishful thinking, but rather can arise only upon proof of some fact from which such inference can reasonably be drawn." Deditch v.Silverman Bros. (July 30, 1998), Cuyahoga App. No. 73215, citing Parrasv. Standard Oil Co. (1953), 160 Ohio St. 315, 116 N.E.2d 300. In this regard, appellants' creation of an unsafe work place argument likewise is found to be without merit.
 {¶ 25} With their contention here, appellants' attempt to make a connection that can only be viewed as speculation. The following, in sum, presents the information on which the appellants relied in alleging the creation of an unsafe work place by Sanson: Sanson received shipments of strawberries at the dock where Josef Maier fell, and those shipments were covered in plastic; Josef Maier saw a wrapped shipment of strawberries on Sanson's dock at the time; Sanson's doors were open; when strawberries arrive, they are typically immediately unwrapped for a quality check; there were dumpsters in the area; and Josef Maier fell approximately six to eight feet away from the Sanson docks.
 {¶ 26} Appellants, however, do not present any evidence showing where the plastic in question came from, how long it had been on the floor, or, most importantly, that the presence of the plastic on the floor was due to any negligent conduct by Sanson whatsoever. There are several other companies that receive strawberry shipments at NOFT. The plastic could have come from one of them, or from the dumpster, or from outside, or from anywhere. Thus, appellants' final contention on this appeal is clearly based upon speculation and cannot defeat a motion for summary judgment.
Judgment affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Calabrese, Jr., J., Concur.
[1] Appellants' Brief, p. 9.
[2] Id.