JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Russell and Brenda Witt ("Witt"), appeal the trial court's decision to grant summary judgment in favor of defendants-appellees, Saybrook Investment Corporation ("Saybrook"), Logistics Partners, Inc. ("Logistics"), and International Paper Company ("International Paper"). Finding no merit to the appeal, we affirm.
 {¶ 2} In 2006, Witt filed suit against Saybrook, Logistics, and International Paper alleging claims of negligence involving an accident in which Russell Witt was struck by a motorist, Glenn Lamson, while walking across a parking lot.[1]
 {¶ 3} At the time of the accident in 2003, Witt was a truck driver and was picking up a load of paper from International Paper located in Saybrook, Ohio. Witt was familiar with this location because he had picked up loads from International Paper many times in the past and had walked across the parking lot many times. International Paper leased its premises from Saybrook, the owner of the property.
 {¶ 4} Witt arrived around 8:00 p.m. and waited in the staging area until 11:00 p.m. when his load of paper had been prepared. As he was walking across the facility's parking lot to drive his truck from the staging area to the loading dock, Lamson struck Witt with his car. Lamson was employed by Logistics, a subcontractor of International Paper. There is no dispute that the accident happened late at night and the parking lot was dark. *Page 5 
 {¶ 5} Shortly after the complaint was filed, the defendants separately moved for summary judgment. Witt opposed Logistics' and Saybrook's motions, but did not file a separate brief in opposition to International Paper's summary judgment motion. In his brief in opposition, Witt submitted an expert report that concluded that "those responsible for creating the parking lot design, constructing and maintaining and allowing the condition to remain, were negligent in failing to properly protect pedestrians such as Russell Witt from the danger of being struck by vehicular traffic."
 {¶ 6} The trial court granted each defendant's motion for summary judgment, noting that International Paper's motion was unopposed.
 {¶ 7} Witt appeals, raising one assignment of error for our review, in which he argues that the trial court erred in granting summary judgment.
 {¶ 8} Appellate review of summary judgment is de novo. Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241;Zemcik v. LaPine Truck Sales Equipment (1998), 124 Ohio App.3d 581,585, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-370,1998-Ohio-389, 696 N.E.2d 201, as follows:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and *Page 6 
that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor.Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286,653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107,662 N.E.2d 264."
 {¶ 9} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 10} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O.Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677, 680,1998-Ohio-602, 693 N.E.2d 271. Whether a duty exists is a question of law for the court to determine. Mussivand v. David (1989),45 Ohio St.3d 314, 318, 544 N.E.2d 265. The existence of a duty is fundamental to establishing actionable negligence, without which there is no legal liability. Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142,539 N.E.2d 614. If no duty exists, the legal analysis ends and no *Page 7 
further inquiry is necessary. Gedeon v. East Ohio Gas Co. (1934), 128 Ohio St. 335, 338, 190 N.E. 924, 40 Ohio L.Rep. 649.
 {¶ 11} Witt argues that his premises liability theory of recovery should have prevented summary judgment. In the complaint, Witt alleged that the appellees "exerted, or were entitled to exert, some form of control and supervision over the facility and parking lot. Each of these defendants was aware, or should have been aware, of the dangers posed to the pedestrians who were required to traverse the poorly designed and illuminated premises [and] * * * should have taken reasonable precautions to avoid foreseeable accidents but declined to do so."
 {¶ 12} In premises liability law, a business invitee is one who enters another's land by invitation for a purpose that is beneficial to the owner. Gladon v. Greater Cleveland Regional Transit Auth.,75 Ohio St.3d 312, 315, 1996-Ohio-137, 662 N.E.2d 287. A property owner owes an invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden defects. Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 480 N.E.2d 474. This includes providing safe ingress to and egress from the premises. Tyrrell v.Investment Associates, Inc. (1984), 16 Ohio App.3d 47, 474 N.E.2d 621. Invitees likewise have a duty in that they are expected to take reasonable precautions to avoid dangers that are patent or obvious. SeeBrinkman v. Ross, 68 Ohio St.3d 82, 84, 1993-Ohio-72, 623 N.E.2d 1175. *Page 8 
 {¶ 13} A business owner is under no duty to provide an illuminated parking area. Jeswald v. Hutt (1968), 15 Ohio St.2d 224, 239 N.E.2d 37, paragraph one of the syllabus; see, also, Mowery v. Shoaf,148 Ohio App. 3d 403, 2002-Ohio-3006, 773 N.E.2d 1053. "Darkness is always a warning of danger, and for one's own protection, it may not be disregarded."Jeswald at paragraph three of the syllabus; see also Stazione v.Lakefront Lines, Inc., Cuyahoga App. No. 83110, 2004-Ohio-141. Moreover, the owner or occupier of the premises is not an insurer of the safety of those traversing the premises. See Stazione.
 {¶ 14} Witt argues that because the appellees owned or controlled the parking lot, they owed him a duty to keep the parking lot safe. He claims that they breached that duty by: 1) omitting safety features from the original design of the parking lot; 2) failing to turn on the exterior lights on the night of the accident; 3) failing to install safety features such as rumble strips, signs, or barriers.
 {¶ 15} Saybrook, the owner of the premises, argues that it had no duty to light the parking lot, thus Witt's claims fail as a matter of law. Saybrook further argues that Witt was more at fault for the accident than any of the appellees because he walked across a dark parking lot without exercising care for his safety.
 {¶ 16} Logistics, the subcontractor that worked inside the International Paper/Saybrook facility, argues that it did not own, control, or maintain the parking lot. The company also argues that it did not have any role in the design or maintenance of the lighting in the parking lot. Logistics argues that "the only piece *Page 9 
of evidence linking Logistics to the events * * * is the allegation that Logistics had access to an exterior light that could have illuminated the area." Logistics argues that even if that were the case, the company had no duty to illuminate the parking lot. Logistics also argues that Witt himself was negligent in crossing the parking lot.
 {¶ 17} International Paper, which leased the premises from Saybrook, responds that it also had no duty to provide adequate lighting or warn Witt of the open and obvious danger inherent in darkness or the conditions of the parking lot which included no "pedestrian protections."
 Open-and-Obvious Doctrine {¶ 18} The open-and-obvious doctrine provides that a premises owner owes no duty to persons entering those premises regarding dangers that are open and obvious. Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589, at paragraph one of the syllabus. The rationale underlying this doctrine is "that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Simmers v. Bentley ConstrCo., 64 Ohio St.3d 642, 644, 1992-Ohio-42, 597 N.E.2d 504.
 {¶ 19} A business ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers.Paschal; Jackson v. Kings Island (1979), 58 Ohio St.2d 357,390 N.E.2d 810. When applicable, however, the open-and-obvious *Page 10 
doctrine obviates the duty to warn and acts as a complete bar to any negligence claims. Armstrong v. Best Buy Co., 99 Ohio St.3d 79,2003-Ohio-2573, 788 N.E.2d 1088. It is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff. Id. The open-and-obvious doctrine satisfies the duty prong of a negligence claim. Id.
 {¶ 20} When a negligence action is the subject of a motion for summary judgment, the appellant must show that: (1) the appellee owed appellant a duty of care; (2) the appellee breached the duty of care; and (3) as a direct and proximate result of appellee's breach, appellant suffered injuries. Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 472 N.E.2d 707.
 {¶ 21} When only one conclusion can be drawn from the established facts, the issue of whether a risk was open and obvious may be decided by the court as a matter of law. Klauss v. Marc Glassman, Inc., Cuyahoga App. No. 84799, 2005-Ohio-1306. However, where reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine.Carpenter v. Marc Glassman, Inc. (1997), 124 Ohio App.3d 236, 240,705 N.E.2d 1281.
 {¶ 22} To support his claims, Witt references his experts' reports. The first report by a lighting consultant concludes that the lack of lighting in the parking lot, coupled with the shadowing effect created by the parked tractor trailers and bright lighting in an adjacent parking lot, caused a "substandard and hazardous condition" *Page 11 
on the night of the accident. The second expert, an architect, opined that the configuration of the parking lot, lack of adequate markings and signage caused a hazardous condition. Although the architect concluded that "those responsible for creating the parking lot design, constructing and maintaining and allowing the condition to remain, were negligent n failing to properly protect pedestrians * * *," we note that his report solely discusses the design and construction of the parking lot.
 {¶ 23} We find that none of the appellees had the duty to illuminate the parking lot; thus, we find no merit to Witt's argument that the appellees breached their duty to illuminate the parking lot.Jeswald; Stazione; Maier v. Northern Ohio Food Terminal, Cuyahoga App. No 85749, 2005-Ohio-5342.
 {¶ 24} We also note that there is no evidence that Logistics or International Paper were responsible for the creation, design, or maintenance of the parking lot. There is also no evidence that Saybrook, as owner of the property, was responsible for the creation or design of the parking lot. Thus, the only issue that remains is whether Saybrook was negligent in maintaining the parking lot without "pedestrian protections."
 {¶ 25} In a similar "parking lot" case, this court affirmed summary judgment for the defendant shopping center despite the plaintiff's allegations of negligence in failing to properly construct, maintain, and light the parking lot. We noted in Provateare v. Hausman Co. (Apr. 29, 1999), Cuyahoga App. No. 74061, that plaintiff had walked over the same area of the parking lot on previous occasions without *Page 12 
incident. Even viewing the evidence most strongly in plaintiff's favor, we could not find that the defendant shopping center owed a duty to warn Provateare of a condition which was so open and obvious that she should be reasonably expected to discover and protect herself. In addition, we followed Jeswald and held that the shopping center was under no obligation to illuminate the parking surface. Id.
 {¶ 26} In the instant case, Witt admitted he had been to this parking lot many times and had walked across it without incident. He also felt no concern because of the darkness of the parking lot. The lack of "pedestrian protections" such as rumble strips or speed limit signs were an open and obvious condition of which Witt should be reasonably expected to discover and protect himself.
 {¶ 27} Additionally, we note that Witt has not offered any evidence, other than speculation, to show a relation between the alleged negligent design or maintenance of the parking lot and a driver's ability to respond to an unexpected person walking in the dark. See Stibley v.Zimmerman (Aug. 26, 1998), Athens App. No. 97 CA 51. He offers no evidence that but for the absence of lighting or other safety measure, the accident would not have occurred. Absent such evidence, Witt is essentially asking the court to speculate whether the accident would have been avoided but for the inaction of the appellees.
 {¶ 28} Thus, Witt has failed to put forth sufficient evidence to create a question of fact as to whether appellees breached a duty owed to him as an invitee. Accordingly, appellees are entitled to judgment as a matter of law. *Page 13 
 {¶ 29} Therefore, the assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR, J., CONCURS; and, MARY J. BOYLE, J., CONCURS IN JUDGMENT ONLY
[1] The lawsuit against Lamson was previously settled and he is not a party to this appeal. *Page 1