OPINION
{¶ 1} Appellants, Eleanor ("Eleanor") and Harvey Swonger, Jr., appeal from the November 25, 2003 entry in which the Geauga County Court of Common Pleas granted the motion for summary judgment of appellee, Middlefield Village Apartments.
 {¶ 2} Appellants filed a complaint against appellee on May 17, 2002, based on a slip and fall that occurred in appellee's parking lot. Appellee filed a motion for summary judgment on August 4, 2003. Appellants filed a brief in opposition on October 20, 2003.
 {¶ 3} The following facts are pertinent to this appeal. On May 25, 2000, appellants attended a bingo game in appellee's party room at around 7:00 p.m. They had been attending bingo there for the past three to four years. They parked in the rear of appellee's parking lot, which they had never done before as the front of the parking lot was very crowded. After leaving the party room around 9:00 p.m., Eleanor explained in her deposition that she proceeded to the car, walking in a dark parking lot along a partial sidewalk that fronts the rear of appellee's parking lot. She stumbled at the end of the sidewalk where there was a drain that was a six inch drop. As a result of the fall, she broke her hip among other injuries. Appellants contend that Eleanor did not see the end of the sidewalk due to inadequate lighting in the parking lot. Eleanor claimed that the building had two lights, but both were out. She stated even though both lights were out, she was not concerned about walking back to her car. She also did not ask anyone for assistance in reaching her car because she did not know about the drain.
 {¶ 4} Margaret M. Kuchnicki ("Kuchnicki"), appellee's property manager, stated in her deposition that she did not know Eleanor had fallen until approximately four months after the incident happened, which is when she received a bill from Geauga Hospital. When Kuchnicki called the hospital to inform them that Eleanor was not a tenant of appellee, they told her that appellee received the bill because Eleanor had fallen on its property. At that point, Kuchnicki called the police department and was informed that an ambulance had been dispatched to appellee on the night in question. After realizing that the incident occurred four months earlier, Kuchnicki talked to the maintenance men about the lighting in the back. They checked it and informed her that there was nothing wrong with it, but she stated that this was four months after Eleanor fell. Kuchnicki further stated that if a bulb were out prior to that time and was changed after the incident, it would have been noted in the maintenance log. However, the log did not reflect that any bulb in the rear of the building had been replaced in the four-month period following Eleanor's fall.
 {¶ 5} In an entry dated November 25, 2003, the trial court granted appellee's motion for summary judgment. Appellants timely filed the instant appeal and now present a single assignment of error for our review:
 {¶ 6} "The trial court erred to the prejudice of [appellants] in granting summary judgment in favor of [appellee] pursuant to [Civ.R.] 56."
 {¶ 7} Appellants allege that the trial court erred in granting appellee's motion for summary judgment. Under this assignment of error, appellants raise two issues for our consideration: First, appellants argue that the trial court erred in granting appellee's summary judgment based on the "open and obvious" doctrine where there was evidence presented that the condition of the sidewalk was known to appellee and that inadequate lighting created a situation that was not obvious. Second, appellants claim that the application of the open and obvious doctrine does not relieve the premises owner of the duty to warn invitees of any latent defects.
 {¶ 8} Summary judgment is appropriate when the moving party establishes the following: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C).
 {¶ 9} If the moving party meets its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to show that there is a genuine issue of fact suitable for trial. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party. Civ.R. 56(E).
 {¶ 10} Appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "* * * we review the judgment independently and without deference to the trial court's determination." Id. An appellate court must evaluate the record "in a light most favorable to the nonmoving party." Link v. Leadworks Corp.
(1992), 79 Ohio App.3d 735, 741. In addition, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. Id.
 {¶ 11} In order for appellants to present a prima facie case of negligence, they must prove that: (1) appellee owed a duty; (2) appellee breached that duty; and, (3) an injury was proximately caused by the breach. Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142. "Thus, the existence of a duty is fundamental to establishing actionable negligence. `* * * If there is no duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence.'" Id.
 {¶ 12} Ohio law is clear that a business owner is under no affirmative duty to light walkways and public parking areas outside their buildings to accommodate invitees. Scheetz v. Kentwood, Inc., 152 Ohio App.3d 20,2003-Ohio-1209, at ¶ 9, citing Jeswald v. Hutt (1968), 15 Ohio St.2d 224, paragraph one of the syllabus. Even if an owner provides lighting, there is no requirement that it be adequate. Hake v. Delpine, 11th Dist. No. 2002-T-0010, 2003-Ohio-1591, at ¶ 15. The amount of light in a given area is an open and obvious condition. Meilink v. AAA Northwest Ohio
(Dec. 4, 1998), 6th Dist. No. L-98-1139, 1998 WL 833570, at 2 Here, because appellee had no affirmative duty to provide any lighting outside its building, appellants cannot show actionable negligence on the part of appellee.
 {¶ 13} Further, "a shopkeeper is under no duty to protect business invitees from dangers `which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 203-204, quoting Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. "`Darkness' is always a warning of danger, and for one's own protection it may not be disregarded." Jeswald, supra, at paragraph three of the syllabus. Since darkness itself constitutes a sign of danger, the person who disregards a dark condition does so at his or her own peril. Gabelv. Apcoa, Inc. (Oct. 21, 1999), 8th Dist. No. 74794, 1999 WL 961491, at 4. Thus, the darkness outside appellee's building and the dangers presented by navigating in such darkness were open and obvious to appellants, and appellee had no duty to protect them from such hazards.
 {¶ 14} For the foregoing reasons, appellant's lone assignment of error is not welltaken. The judgment of the Geauga County Court of Common Pleas is affirmed.
Rice, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.