JOURNAL ENTRY and OPINION
{¶ 1} Appellant Wanda Haymond appeals the trial court's granting of summary judgment in favor of BP America ("BP"). She assigns the following errors for our review:
"I. The trial court erred when it considered evidenceinadmissible for summary judgment."
 "II. The trial court erred when it granted BP's motion forsummary judgment based on the open and obvious doctrine."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On September 24, 2002, Haymond tripped on a parking barrier at a BP gas station. Haymond and her son, George Haymond, were on the premises to ask for directions and to purchase a beverage.
 {¶ 4} On September 22, 2004, George Haymond, as guardian of his mother and individually, filed a premises liability action against BP. In the complaint, Haymond alleged that as a result of the fall, she suffered a broken elbow and broken nose. Haymond further alleged that BP failed to maintain their premises in a safe manner because the parking bumper upon which she fell was oil stained, difficult to observe, and not easily distinguishable from the pavement and curb nearby.
 {¶ 5} On April 12, 2005, BP filed a motion for summary judgment. In support of its motion, BP relied upon Haymond's responses to certain requests for admission exchanged during discovery. The admissions incorporated a color photograph depicting the parking barrier upon which Haymond tripped. On June 23, 2005, the trial court granted BP's motion for summary judgment.
Summary Judgment
 {¶ 6} In the first assigned error, Haymond argues that the trial court in ruling on BP's motion for summary judgment, erred when it considered facts admitted in her response to BP's requests for admission. We disagree.
 {¶ 7} We review an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[2] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party.[3]
 {¶ 8} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[4] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[5]
 {¶ 9} In the instant case, in support of its motion for summary judgment, BP attached a copy of Haymond's response to its requests for admission. The responses incorporated an 8-1/2 x 11" color photograph, taken by Haymond, showing the parking barrier upon which she tripped. BP incorporated into the text of its motion a smaller, "cropped" version of the 8-1/2 x 11" color photograph. Haymond contends the trial court should not have considered the photograph because it was not properly authenticated. Haymond specifically contends the photograph had no evidentiary value because it was not marked as an exhibit. We are not persuaded.
 {¶ 10} Civ.R. 56(C) provides in pertinent part as follows:
"[D]epositions, answers to interrogatories, writtenadmissions, affidavits, transcripts of evidence in the pendingcase, and written stipulations of fact are permitted to support amotion for summary judgment."
 {¶ 11} Evid.R. 901(B)(1) also provides for the authentication of evidence by a knowledgeable witness, who can testify that the evidence is what it is claimed to be. Here, Haymond took the photograph at issue. In the request for admissions propounded to Haymond, BP incorporated the photograph which Haymond supplied. Haymond authenticated the photograph by her response to the requests for admissions and her production of the photograph. Specifically, in request for Admission Number 9, Haymond admitted that the photograph accurately depicted the parking barrier at issue.
 {¶ 12} Moreover, a request for admission can be used to establish a fact, even when it strikes at the heart of the case.[6] This is also in accordance with the purpose of the request to admit, which is to resolve potentially disputed issues and thus to expedite the trial.[7]
 {¶ 13} Based on the above cited law, the photograph was properly authenticated by Haymond, and was not required to be marked as an exhibit to have evidentiary value. Thus, the trial court properly considered the photograph in deciding to grant summary judgment in BP's favor. We also conclude Haymond's answers regarding the photograph constituted sufficient evidence to support the court's ruling. Accordingly, we overrule the first assigned error.
 Open and Obvious Doctrine {¶ 14} In the second assigned error, Haymond argues the trial court erred in granting BP's motion for summary judgment based on the open and obvious doctrine. We disagree.
 {¶ 15} The open and obvious doctrine states that an owner of a premises owes no duty to persons entering those premises regarding dangers that are open and obvious.[8] The Supreme Court of Ohio reaffirmed the open and obvious doctrine inArmstrong v. Best Buy.[9] The open and obvious nature of the hazard itself serves as a warning.[10] It is the character of the object that is the measure of its open and obvious nature. Thus, invitees may reasonably expect to discover those dangers and take appropriate measures to protect themselves.[11] When the open and obvious doctrine is applicable, it obviates the duty to warn and acts as a complete bar to recovery.[12]
 {¶ 16} Open and obvious hazards are neither hidden or concealed from view nor non-discoverable by ordinary inspection.[13] The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case.[14]
Consequently, the bench mark for the courts is not whether the person saw the object or danger, but whether the object or danger was observable.[15] There are exceptions to this rule, namely, attendant circumstances.
 {¶ 17} In the instant case, Haymond contends that the parking barrier was not easily distinguishable from the pavement and the curb nearby. Our review of the record reveals that the photograph of the parking barrier at the BP gas station reflects a concrete slab, approximately six inches in height, that extends the width of the parking space. The vertical lines of the parking lane are painted white. In addition, the parking lane displays a handicap symbol that is also painted white.
 {¶ 18} We find the photograph shows no visible obstruction or concealment of the parking barrier by anything in the parking lot. The photograph reflects that the parking barrier would have been plainly visible to motorists or to pedestrians entering the parking lot. A reasonable person can be expected to take note of an object obstructing her path that is of the dimension of a common parking barrier.[16]
 {¶ 19} Moreover, the record reveals that Haymond admitted in her response to request for admissions that she fell during the daytime hours and that there were no weather conditions at the time of the accident that hampered her ability to see the parking barrier. Haymond also admitted that the barrier at the parking space where she tripped is designated for handicapped access, and that there was no vehicle parked or located in the space.
 {¶ 20} We conclude, based on the record before us, including the photograph clearly depicting the parking barrier in question, that the barrier constituted an open and obvious condition that Haymond should have discovered and taken steps to protect herself against. We find that there are no genuine issues of material fact, thus, summary judgment was properly granted in BP's favor. Accordingly, we overrule the second assigned error.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and McMcNagle, J., concur.
[1] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35; NortheastOhio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997),121 Ohio App.3d 188.
[2] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[3] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317,327.
[4] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[5] Id. at 293.
[6] See Civ.R. 36(B).
[7] Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66,67; see also Thompson v. Weaver, (Aug. 7, 1998), 6th Dist. No. WD-97-099.
[8] Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus.
[9] 99 Ohio St.3d 79, 2003-Ohio-2573.
[10] Id. at 80.
[11] Id., citing Simmers v. Bentley Constr. Co.64 Ohio St.3d 642, 644, 1992-Ohio-42.
[12] Armstrong, 99 Ohio St.3d at 80.
[13] Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50-51.
[14] Miller v. Beer Barrel Saloon (May 24, 1991), 6th Dist. No. 90-OT-050.
[15] See Kirksey v. Summit Cty. Parking Deck, 9th Dist. No. 22755, 2005-Ohio-6742.
[16] Mullins v. Darby Homes (July 27, 1999), 10th Dist. No. 98AP-1616.