DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Melanie Rezac, appeals from the judgment of the Summit County Court of Common Pleas, which granted the motion for summary judgment of appellee, Cuyahoga Falls Concerts, Inc. This Court affirms.
 I. {¶ 2} On July 1, 2004, appellant and several of her friends attended an outdoor concert at Blossom Music Center, which is leased and operated by appellee, Cuyahoga Falls Concerts, Inc. At the conclusion of the concert, appellant and her friends proceeded to walk towards the parking lot along a lighted *Page 2 
and paved pathway. At some point, Sheila Majni, one of appellant's friends, indicated that she needed to use a restroom. Appellant offered to go into the woods with her to "cover" her so that Majni could relieve herself Appellant went first, walking off the pathway and into a wooded area. Appellant took two steps beyond a tree line and fell into a ravine, sustaining injuries including fractures and herniation of her cervical vertebrae. Appellant subsequently sued appellee in negligence for $25,000 in damages.
 {¶ 3} Through her complaint, appellant alleged that appellee was negligent in maintaining and failing to protect her from a hazardous condition known to exist on the property. She cited inadequate security, inadequate lighting and ineffective barriers.
 {¶ 4} On March 30, 2006, appellee moved for summary judgment, alleging that it had satisfied its duty of care to appellant by maintaining the premises in a reasonably safe condition and that the dark woods presented not a hidden danger, but an open and obvious condition of which appellee had no duty to warn appellant. Appellee also argued that when appellant stepped into the darkness without any knowledge of what the darkness may conceal, appellant was contributorily negligent. In the absence of any conflicting evidence, appellee maintained that summary judgment was appropriate.
 {¶ 5} Appellant opposed the motion, claiming that the hazard was not open and obvious, but that it was instead a latent hazard known by appellee to *Page 3 
exist and of which appellee, therefore, had a duty to warn. Appellant further contended that the evidence surrounding the intentional nature of the step-in-the-dark and the degree of darkness was in dispute and did not, therefore, merit an award of summary judgment.
 {¶ 6} Citing the open and obvious doctrine as well as the step-in-the-dark rule, the trial court granted appellee's motion for summary judgment. Appellant timely appeals from the order granting summary judgment and assigns one error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 7} Appellant claims that the trial court erred in granting summary judgment to appellee because the hazard was not open and obvious and, alternatively, that genuine questions of material fact remained as to any finding of contributory negligence pursuant to the step-in-the-dark rule. This Court disagrees.
 {¶ 8} An appellate court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. In so doing, this Court applies the same standard as the trial court, viewing the facts of the case in a light most favorable to the non-moving party and resolving any doubt in favor of *Page 4 
the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; the moving party is entitled to judgment as a matter of law; and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 9} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 10} Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ.R. 56(E).Dresher, 75 Ohio St.3d at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but, instead, must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id. See, also, Henkle v. Henkle (1991),75 Ohio App.3d 732, 735.
 {¶ 11} Pursuant to Civ.R. 56(C):
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Page 5 
 {¶ 12} In order to defeat a motion for summary judgment on a negligence claim, appellee must establish that a genuine issue of material fact remains as to the existence of a duty, a breach of that duty, or an injury proximately resulting from the beach of duty.Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 565.
 {¶ 13} Whether a duty exists is a question of law determined initially by the trial court, and which an appellate court reviews de novo.Cleveland Elec. Illum. Co. v. Pub. Util. Comm. (1996),76 Ohio St.3d 521, 523; Mussivand v. David (1989), 45 Ohio St.3d 314, 318. With respect to the duty of a property owner in a premises liability negligence case such as this one, Ohio adheres to the common law classifications of invitee, licensee, and trespasser. See Gladon v.Greater Cleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312, 315. The status of the person who enters upon the land of another generally defines the scope of the legal duty that the landowner owes to the entrant. Id.
 {¶ 14} The parties in this case have agreed that appellant was a business invitee. As an invitee, appellee owed appellant a duty to maintain the premises in a reasonably safe condition and was obligated to warn of any latent or hidden dangers. Paschal v. Rite Aid Pharmacy,Inc. (1985), 18 Ohio St.3d 203, 203. Appellee was not, however, an insurer of appellant's safety. Id. *Page 6 
 {¶ 15} Further, appellee was not obligated to warn or protect appellant against known dangers that are so "open and obvious" that she may reasonably be expected to discover them and protect herself against them. Id. at 203-204. See, also, Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio 2573, at ¶ 5. The open and obvious doctrine provides that the owner of a premises owes no duty to those people entering the premises regarding dangers that are open and obvious. Id. The rationale underlying this doctrine is that the open and obvious nature of the hazard itself serves as a warning. Id. Invitees are expected to recognize and protect themselves against open and obvious dangers. Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644;Brinkman v. Ross (1993), 68 Ohio St.3d 82, 84.
 {¶ 16} In its motion for summary judgment, appellee asserts that it provided lighted and paved walkways as well as restroom facilities for the use of its patrons. Appellee points to the deposition testimony of appellant as support for its claim that the hazard of which appellant complains was open and obvious. In her deposition, appellant stated that she was able to see the paved pathway by which visitors traveled from the concert venue to the parking lots and she could see that there were woods lining the pathway, but that the woods were "pitch black" and she could not see where she was going as she walked into the woods. Appellee points to the following deposition testimony: *Page 7 
 "Q. Is it your testimony, as you got to this area, you were not able to see the paved pathway?
 "A. No. We could see it.
 "Q. * * * Did you have any difficulty seeing the paved pathway at any time from when you left the venue after the concert until the time you decided to go to the woods."
 "A. No.
 "Q. And if I understand you correctly, you did have difficulty seeing the area near the woods because it was dark; correct?
 "A. And the pathway near the woods was dark. I could see it. It was dark.
 " * * *
 "Q. And before you made a decision to leave the paved pathway, did you — could you see the general area where you were going?
 "A. Yes.
 "Q. And the general area in which you were going to — towards was the woods?
 "A. Yes.
 "Q. And were you able to see the actual woods before you left the paved pathway?
 "A. Yes.
 "Q. Were you able to see what was beyond the woods?
 "A. No.
 "Q. There was a perimeter — There were a perimeter of bushes or foliage that you could see; correct?
 "A. Yes. *Page 8 
 "Q. But you didn't know what was beyond that perimeter; is that fair?
 "A. Yes.
 " * * *
 "Q. * * * My question to you was simply whether you knew what was behind the woods that you were entering into. Yes or no?
 "A. Yes.
 "Q. Yet you voluntarily decided to walk into the woods?
 "A. Correct.
 " * * *
 "Q. Were there any lights at all in the woods on the evening you decided to enter it?
 "A. Into the woods?
 "Q. Yes.
 "A. No.
 "Q. It was pretty much pitch black in those woods?
 "A. Correct.
 "Q. Were you able to see as you walked into the woods and took your first two steps in the woods before you fell?
 "A. No." (Emphasis added.)
 {¶ 17} In opposition, appellant claimed that the ravine was hidden from view by an overhanging branch and claimed that the tree line did not serve as a warning of the ravine. She also claimed the step-in-the-dark rule is not applicable. In her appellate brief, appellant suggests that the evidence was ambiguous as to the lighting conditions in the area because "while the woods were dark, she could still *Page 9 
see." Appellant does not refer to specific testimony that demonstrates her claims, but references the pages that include the testimony set forth above.
 {¶ 18} The dangerous condition encountered by appellant on the evening of her fall was not only a ravine, but also — and primarily — the darkness which prevented her from seeing the ravine. The evidence presented to the trial court establishes, without ambiguity, that appellant left a lighted and paved path and entered a "pitch black" wooded area where she could not see where she was stepping. The condition of darkness was an open and obvious hazard against which appellant failed to protect herself and disregarded at her own peril.
 {¶ 19} The Ohio Supreme Court has indicated that "`[d]arkness' is always a warning of danger, and for one's own protection it may not be disregarded." Jeswald v. Hutt (1968), 15 Ohio St.2d 224, paragraph three of the syllabus. In addition, this Court has specifically concluded that"darkness is an open and obvious condition and under Ohio law, one may not disregard darkness." (Emphasis added.) Kirksey v. Summit Cty.Parking Deck, 9th Dist. No. 22755, 2005-Ohio-6742, at ¶ 12. Other Ohio appellate courts have similarly emphasized that darkness itself constitutes a sign of danger, and disregard of a dark condition is done at one's own peril. See, e.g., Swonger v. Middlefield VillageApts., 11th Dist. No. 2003-G-2547, 2005-Ohio-941, at ¶ 13; Gabel v.Apcoa, Inc. (Oct. 21, 1999), 8th Dist. No. 74794. See, also, Pass v.Cinemark, USA, Inc., 5th Dist. No. 2003CA00276, 2004-Ohio-5191. *Page 10 
 {¶ 20} In Leonard v. Modene and Assoc, Inc., 6th Dist. No. WD-05-085,2006-Ohio-5471, the Sixth District Court of Appeals recently considered a case where a plaintiff real estate agent was showing a house to a prospective buyer. Believing that a door off a dimly lit hallway led to a cellar, plaintiff searched for a light switch while stepping onto what he thought would be cellar stairs. The area was, instead, an old unlighted coal bin which had no stairway. The plaintiff fell six feet down into the coal bin and sustained injuries. Plaintiff-agent then sued the real estate brokerage firm, claiming the coal bin constituted a latent hazard.
 {¶ 21} The reviewing court found that there were actually two hazards confronting the plaintiff: the drop off into the coal bin and the darkness. If there was enough light to see, then the drop-off constituted an open and obvious danger, and if the room was too dark to see the drop off, then plaintiff acted in disregard of the open and obvious hazard of darkness. Id. at ¶ 56.
 "Thus, even presuming a factual question was created by [plaintiffs] testimony regarding the lighting conditions of the hallway and room, he cannot establish a negligence claim. Under either condition, [the plaintiff], an experienced real estate agent, simply failed to exercise proper care and failed to protect himself from an observable, obvious hazard." (Emphasis added.) Id.
The court concluded that plaintiff could not establish a negligence claim against the broker and that summary judgment was warranted. Id. at ¶ 58.
 {¶ 22} Similarly, in the present case, whether or not the area where appellant entered the woods was hidden by a tree branch, the evidence undisputedly establishes that appellant entered dark woods without being able to *Page 11 
see where she was going. The evidence demonstrates that appellant was able to see her way so long as she remained on the pathway. It was only when she left the pathway and entered the woods that she could no longer see where she was going. When appellant entered the woods under those conditions, she acted in disregard of the open and obvious hazard of darkness. Appellant blindly stepped into the dark woods at her own peril and encountered another hazard in the form of the ravine.
 {¶ 23} Appellant claims that the ravine was not open and obvious, but was, instead, a latent or hidden danger of which appellee had knowledge and that appellee breached its duty of care by failing to fence or otherwise warn appellant of its existence. In support of her position, appellant offered three affidavits from friends who reported that they heard a security guard state: "She's not the first to fall down there and she won't be the last."
 {¶ 24} The affidavits are insufficient to establish a genuine issue of material fact. First, the affidavits do not provide the names of the employees who allegedly made the statements, the names of other guests who allegedly fell in that area, the dates or the time of day of the purported falls, the number of purported falls, or any circumstances surrounding the alleged falls. Second, even if there were falls at the same spot, that does nothing to lessen the duty of appellant to recognize and protect herself against the darkness. *Page 12 
 {¶ 25} Viewing the evidence in the light most favorable to the non-moving party, appellant has failed to demonstrate that appellee owed her a duty to warn of the darkness. When appellant crossed into darkness where she could not see where she was going, she disregarded the open and obvious hazard of darkness at her own peril. Swonger, 2005-Ohio-941, at ¶ 13. As such, appellee owed appellant no obligation to warn or protect against such hazard. Based on the facts of this case, we find that reasonable minds could not conclude that appellee had a duty to warn or protect against the open and obvious hazard of the dark woods. "There can be no genuine issue as to any material fact where no duty is owed." Davis v. Friendly's Ice Cream Corp. (Sept. 27, 1995), 9th Dist. No. 17094. Therefore, summary judgment was appropriately granted to appellee.
 {¶ 26} Because appellee had no duty to warn or protect against the open and obvious hazard of darkness, it is unnecessary to consider the issue of contributory negligence posed by appellant's arguments regarding the step-in-the-dark rule. Nageotte v. Cafaro Co.,160 Ohio App.3d 702, 2005-Ohio-2098, at ¶ 29 (open and obvious is determinative of the landowner's duty and the question of comparative negligence is never reached if the landowner owes no duty). See, also,Armstrong 2003-Ohio-2573, at ¶ 11. Appellant's sole assignment of error is overruled. *Page 13 
 III. {¶ 27} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellant. *Page 14 
 WHITMORE, P. J., MOORE, J., CONCUR *Page 1