JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Plaintiff-appellant, Doreen McDonald ("McDonald"), appeals the trial court's decision granting summary judgment in favor of the defendants-appellees, Marbella Restaurant and T.V. Restaurant, Inc. (collectively "Marbella"), on her negligence claim. Finding no merit to the appeal, we affirm.
 {¶ 2} McDonald fell down stairs while attempting to exit Marbella and fractured her ankle. McDonald, who had dined at the restaurant on four prior occasions, was seated in a different area of the restaurant on the evening of the incident. To reach her seat, McDonald ascended two stairs into the bar area and proceeded to a booth along the wall. After finishing dinner, McDonald took a different route to exit the bar area and did not see the two stairs where she fell, which were not illuminated. In explaining the incident, McDonald testified as follows:
 {¶ 3} "When we entered the bar area, to go to the booth area, there were lights. And I was cautioned those were stairs. When we exited the restaurant, we proceeded to go out a different exit. We exited different than the entrance. It was dark, and I could not-when I put my foot down, I didn't know where I was putting my foot." (Depo. tr. at 36).
 {¶ 4} Upon being asked specific questions regarding her ability to see the stairs, McDonald testified as follows:
 {¶ 5} "Q. But you knew that you were going downward? *Page 5 
 {¶ 6} "A. [McDonald] I knew — eventually, I knew we'd have to hit some landing, but I thought I was still on the landing, when I put my-when I placed my right foot forward. In other words, I took my foot and I placed it forward. I didn't know where the foot was going to go. * * *" (Depo. tr. at 52).
 {¶ 7} * *
 {¶ 8} "Q. Again, in the area where you fell, did you sense that there were going to be some stairs in that area, but you just couldn't see them?
 {¶ 9} "A . [McDonald] I could not see them.
 {¶ 10} "Q. And you're representing to me that you knew you had to get down, and you thought you were placing your foot on a level area?
 {¶ 11} "A. [McDonald] Yes. I couldn't see what I was stepping on. That's when I fell.
 {¶ 12} "Q. You couldn't see the floor?
 {¶ 13} "A. [McDonald] I couldn't see anything.
 {¶ 14} "Q. Nothing?
 {¶ 15} "A. [McDonald] I mean, it was dark.
 {¶ 16} "Q. The whole restaurant was dark, at that time, or you're just talking about that specific area?
 {¶ 17} "A. [McDonald] That specific area." (Depo. tr. at 60-61).
 {¶ 18} McDonald also stated that, although she did not know where her foot was going to land because of the darkness, she thought (1) that she was still proceeding on the *Page 6 
landing and (2) that her companion was holding onto her. (Depo. tr. at 52-53). But both assumptions proved wrong.
 {¶ 19} As a result of her fall, McDonald commenced the underlying case against Marbella and its owner, T.V. Restaurant, Inc., alleging a single count of negligence. Marbella moved for summary judgment, advancing two arguments: (1) McDonald's negligence claim failed as a matter of law because the hazardous condition-the darkness-was open and obvious; and (2) the "step-in-the-dark rule" barred McDonald's claim because her own negligence of voluntarily placing her foot in complete darkness exceeded any negligence on Marbella's part. McDonald opposed the motion, arguing that reasonable minds could reach differing conclusions as to whether her disregard of the darkness surpassed the restaurant's negligence in failing to illuminate the stairs and in failing to warn her of the stairs after directing her to take a route where she encountered them. The trial court granted Marbella's motion, which McDonald appeals, raising one assignment of error:
 {¶ 20} "The trial court erred to the prejudice of the plaintiff Doreen McDonald when it granted summary judgment in favor of defendants Marbella Restaurant and TV Restaurant Inc."
 {¶ 21} We review the grant of summary judgment de novo. Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Therefore, this court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. *Page 7 
 {¶ 22} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ. R. 56(C), Civ. R. 56(E) provides that the nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the nonmoving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,449.
 {¶ 23} In her sole assignment of error, McDonald argues that the trial court erroneously granted summary judgment because neither the open and obvious doctrine nor the step-in-the-dark rule apply, or, in the alternative, genuine issues of fact exist to preclude their application. We disagree.
 {¶ 24} To establish a negligence claim, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and injury or damages proximately caused by the breach. See Menifee v. Ohio Welding Prod.,Inc. (1984), 15 Ohio St.3d 75, 77. In this case, it is undisputed that McDonald was a business invitee; therefore, Marbella owed a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of "latent and hidden dangers." See Armstrong v. Best BuyCo., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5. *Page 8 
 {¶ 25} But property owners are not the insurers of their invitees' safety. Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 358. Indeed, Ohio law precludes recovery on a negligence claim if an invitee fails to take reasonable precautions to avoid dangers that are patent or obvious. See Brinkman v. Ross, 68 Ohio St.3d 82, 84, 1993-Ohio-72; Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. The issue of whether a property owner owes a duty is a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314,318.
 {¶ 26} When the record supports a determination that the open-and-obvious doctrine applies, thereby obviating a property owner's duty to warn of the hazard, then a defendant is entitled to summary judgment. Armstrong, 99 Ohio St.3d at 80, 2003-Ohio-2573.
 Open-and-Obvious Doctrine {¶ 27} The open-and-obvious doctrine provides that owners do not owe a duty to persons entering their premises regarding dangers that are open and obvious. Armstrong at ¶ 14, citing Sidle v. Humphrey (1963),13 Ohio St.2d 45, paragraph one of the syllabus. The rationale underlying this doctrine is "that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Simmers v. Bentley Constr.Co., 64 Ohio St.3d 642, 644, 1992-Ohio-42.
 {¶ 28} Even when an invitee does not actually see the object or danger until after he or she falls, no duty exists when the invitee could have seen the object or danger if he or she had *Page 9 
looked. Haymond v. BP America, 8th Dist. No. 86733, 2006-Ohio-2732, ¶ 16. Courts must consider whether the object or danger itself was observable. Id. Attendant circumstances, however, may create a genuine issue of material fact as to whether a danger was open and obvious. Id.
 {¶ 29} Although there is no precise definition of "attendant circumstances," they generally include any distraction that would come to the attention of an invitee in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.McGuire v. Sears, Roebuck Co. (1996), 118 Ohio App.3d 494, 498. Attendant circumstances do not include, however, an individual's activity at the moment of the fall, unless the individual's attention was diverted by an unusual circumstance of the property owner's making, and is beyond the control of the injured party. Lang v. Holly HillMotel, Inc., 4th Dist. No. 06CA18, 2007-Ohio-3898, ¶ 25; Backus v. GiantEagle, Inc. (1996), 115 Ohio App.3d 155, 158.
 {¶ 30} The issue of whether a risk was open and obvious may be decided by the court as a matter of law when only one conclusion can be drawn from the established facts. Witt v. Saybrook Investment Corp., 8th Dist. No. 90011, 2008-Ohio-2188, ¶ 21, citing Klauss v. Marc Glassman,Inc., 8th Dist. No. 84799, 2005-Ohio-1306, ¶ 18. But where reasonable minds could reach different conclusions as to the obviousness of the risk, the issue should be resolved by a jury. Id.
 {¶ 31} McDonald argues that summary judgment was inappropriate because reasonable minds could reach different conclusions as to whether the stairs were an obvious *Page 10 
hazard. She claims that the dim lighting in the restaurant, the unilluminated stairs, and the fact that the stairs were the same color as the dark rug that preceded them obscured her ability to see them. She further argues that the waitress directing her to take the exit where the stairs were located, without any warning of their existence, combined with the insufficient lighting constituted attendant circumstances precluding the application of the open-and-obvious doctrine. We find these arguments unpersuasive.
 {¶ 32} Although McDonald's argument focuses only on the stairs as being the hazardous condition, her deposition testimony unequivocally demonstrates that the fall occurred after she stepped down into darkness. She admitted that she placed her foot down despite not being able to see where it would land. Here, despite McDonald's arguments to the contrary, the hazardous condition causing her fall was not only the stairs, but also-and primarily-the darkness.
 {¶ 33} "Darkness is always a warning of danger, and for one's own protection it may not be disregarded." Jeswald v. Hutt (1968),15 Ohio St.2d 224, paragraph three of the syllabus. Ohio courts have consistently recognized that darkness is an open and obvious condition that should not be disregarded. See, e.g., Witt, supra; Rezac v.Cuyahoga Falls Concerts, Inc., 9th Dist. No. 23313, 2007-Ohio-703;Leonard v. Modene and Assoc., Inc., 6th Dist. No. WD-05-085,2006-Ohio-5471; see, also, Swonger v. Middlefield Village Apts., 11th Dist. No. 2003-G-2547, 2005-Ohio-941, ¶ 13 ("[s]ince darkness itself constitutes a sign of danger, the person who disregards a dark condition does so at his or her own peril"); McCoy *Page 11 v. Kroger Co., 10th Dist. No. 05AP-7, 2005-Ohio-6965, at ¶ 16 ("darkness increases rather than reduces the degree of care an ordinary person would exercise").
 {¶ 34} In similar cases where a plaintiff seeks to recover against a property owner for injuries sustained as a result of stepping into darkness and then being injured as a result of another object or danger, courts have applied the open-and-obvious doctrine and denied recovery. See, e.g.; Rezac, supra; Leonard, supra.
 {¶ 35} In Leonard, the Sixth District Court of Appeals decided that a plaintiff's disregard for darkness supported the grant of summary judgment on his negligence claim. In that case, the plaintiff stepped from a dimly lit hallway to what he thought would be cellar stairs. The area was, instead, an old unlighted coal bin which had no stairway. Plaintiff acknowledged that he could not see into the darkened area but proceeded anyway, resulting in his fall into the coal bin. Applying the open-and-obvious doctrine, the court found that the plaintiff encountered two hazards: the drop-off into the coal bin and the darkness. To the extent that the plaintiff attempted to create a genuine issue of material fact regarding the degree of darkness, the court still found summary judgment appropriate based on the following reasoning:
 {¶ 36} "If, in fact, there was enough light to see, [plaintiff] should have been able to observe that there were no steps, making the drop-off an open and obvious danger. If the room was too dark to see the drop-off, however, and [plaintiff] entered the area without being able to see where he was stepping, then he also disregarded an open and obvious hazard-the *Page 12 
darkness. * * * Under either condition, [plaintiff] * * * simply failed to exercise proper care and failed to protect himself from an observable, obvious hazard." Leonard at ¶ 56.
 {¶ 37} Similarly, the Ninth District Court of Appeals inRezac relying on Leonard, recently reached the same conclusion: darkness is an open and obvious condition that will preclude recovery when a plaintiff disregards it. Rezac at ¶ 19. In Rezac, the plaintiff injured herself after falling into a ravine when she left a lighted and paved path and entered the woods where she could not see where she was stepping. In upholding the trial court's grant of summary judgment in favor of the property owner, the court rejected the plaintiff's claim that the property owner had a duty to warn of the latent danger, namely, the ravine. Instead, the court held that the darkness was an open and obvious hazard against which appellant failed to protect herself and which she disregarded at her own peril. Id. at ¶ 25. Consequently, the court found that the property owner owed no duty to warn or protect against the hazard of darkness and denied recovery. Id., citingSwonger, supra.
 {¶ 38} We find these cases to be analogous to the instant case. Here, McDonald testified repeatedly during her deposition that she stepped down, despite not being able to see where her foot would land. Thus, she acted in disregard of the open and obvious hazard of the darkness and proceeded walking, despite not being able to see. The record reveals that McDonald could have left her booth from the same direction from which she had approached it and avoided the darkness altogether. Additionally, instead of using greater caution because of the darkness, McDonald disregarded it, erroneously believing that her companion was holding onto her and that she was still on the landing. Indeed, McDonald knew that she *Page 13 
would have to descend from the bar area at some point but nonetheless chose to place her foot down where she could not see.
 {¶ 39} As for McDonald's claim of attendant circumstances to defeat the application of the open-and-obvious doctrine, we find that the argument lacks merit. The circumstances that McDonald complains of, namely, the same colored carpeting preceding the steps and the unilluminated warning lights on the stairs-all go to the visibility of the stairs but do not negate the obviousness of the darkness. Again, darkness is always a warning that should not be disregarded. Moreover, courts have consistently held that dimly lit steps and uniform color between a step and the floor do not render steps unreasonably dangerous, but rather present an open and obvious danger of which the person traversing the steps should be aware. See Kornowski v. ChesterProperties, Inc. (June 30, 2000), 11th Dist. No. 99-G-2221 (lack of color contrast); Orens v. Ricardo's Restaurant (Nov. 14, 1996), 8th Dist. No. 70403 (dimly lit step and uniform color between step and floor). Similarly, we do not find that the waitress's directing McDonald to use the route where she encountered the stairs an attendant circumstance that defeats the application of the open and obvious doctrine. The waitress's recommendation of an alternative exit route without warning of the stairs had no bearing on the obviousness of the darkness. Moreover, McDonald, upon encountering the darkness, could have stopped and proceeded to the exit from where she could see. But instead, she disregarded the darkness and proceeded anyway.
 {¶ 40} Because the darkness was an open and obvious condition, we find that Marbella had no duty to warn or protect against it. Having found that the open-and-obvious *Page 14 
doctrine applies, we need not consider the issue of contributory negligence posed by McDonald's arguments regarding the step-in-the-dark rule. See Rezac, supra, ¶ 26, citing Nageotte v. Cafaro Co.,160 Ohio App.3d 702, 2005-Ohio-2098, ¶ 29 (open and obvious is determinative of the landowner's duty and the question of comparative negligence is never reached if the landowner owes no duty). McDonald's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to
Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR *Page 1