[Cite as *Butler v. Cleveland Clinic*, 2018-Ohio-93.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105457

## CARLA BUTLER

PLAINTIFF-APPELLANT

vs.

## CLEVELAND CLINIC

DEFENDANT-APPELLEE

### JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-862232

**BEFORE:** Blackmon, J., Keough, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 11, 2018

**FOR APPELLANT**

Carla Butler, pro se
8206 Crumb Avenue
Cleveland, Ohio 44103


**ATTORNEY FOR APPELLEE**

David A. Valent
Cleveland Clinic Law Department
3050 Science Park Drive AC321
Beachwood, Ohio 44122

PATRICIA ANN BLACKMON, J.:

{¶1} Pro se plaintiff-appellant Carla Butler ("Butler") appeals from the order of the trial court granting summary judgment to defendant-appellee Cleveland Clinic ("Cleveland Clinic") in Butler's action for injuries sustained from a fall. Butler assigns the following error for our review:

> The trial court erred in granting Cleveland Clinic's motion for summary judgement finding that the hazardous condition of the parking lot was open and obvious thereby relieving defendant of a duty to warn[.]

{¶2} Having reviewed the record and relevant law, we affirm the trial court's decision. The apposite facts follow.

{¶3} In her complaint for relief, Butler alleged that on October 2, 2015, she tripped and fell on a "landscaping type, raised concrete island located near the entrance to the emergency room" as she attempted to return a wheelchair. Butler alleged that the area was dark, and negligently maintained, and that she sustained serious leg injuries as a result of her fall.

{¶4} In her deposition, Butler stated that she had taken her neighbor to the Cleveland Clinic. They parked in a lot that is separated from the building by a roadway and a raised concrete and grass barrier or island that is a few inches higher than the roadway. After the doctor visit, Butler brought her neighbor, who was in a wheelchair, back to the car through a flat walkway that cuts through the raised concrete and grass

island.  She returned the wheelchair back to the building, and after doing so, she decided to take a shorter path.  Instead of returning to the flat walkway, she stepped up onto the concrete island, walking across the concrete and grass to get to her vehicle. Butler stated that she fell when she could not see and stepped off of the grassy area.  She also maintained that the concrete portion of the island or barrier was uneven as it had a little "hill."  Butler reported the incident several months later, but she did not report any hazard contributing to the fall and did not mention any lack of lighting.

{¶5}  Cleveland Clinic filed a motion for summary judgment, arguing that the raised concrete island was open and obvious, and that Butler had previously observed it while taking her neighbor back to the car.  Additionally, Cleveland Clinic argued that when Butler reported the incident to Cleveland Clinic on January 15, 2016, she did not mention any hazard that contributed to her fall.  The facilities engineer averred that he was "unable to find any evidence of any reported hazards and/or existence of any hazards during [the relevant time]."  The protective services officer likewise averred that in her reports to the Cleveland Clinic, Butler did not mention any hazard that contributed to her fall.  Cleveland Clinic also asserted that Butler failed to establish a link between her fall and her injuries because her physician opined that "this pain generally results from functional problems due to a deformity in the foot and ankle[.]"

{¶6} On January 25, 2017, the trial court granted Cleveland Clinic's motion for summary judgment, concluding:

[Butler] has failed to file her brief in opposition and thus has not presented the Court with any material fact to consider. Accordingly, the Court, having carefully considered all the evidence, and having construed the evidence most strongly in favor of the nonmoving party, determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that [Cleveland Clinic] is entitled to judgment as a matter of law.

## Review of Summary Judgment

{¶7} Within her assigned error, Butler argues that the trial court erred in awarding Cleveland Clinic summary judgment because the condition that caused her injury was not open and obvious, and the area was poorly lit and not "free from danger" as required under R.C. 3781.06.

{¶8} This court reviews a trial court's grant of summary judgment under the de novo standard. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201.

**{¶9}** The party moving for summary judgment bears the initial burden of demonstrating that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293,1996-Ohio-107, 662 N.E.2d 264. Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Id.*; *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197; Civ.R. 56(E). Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

### Open and Obvious Doctrine

**{¶10}** The open and obvious doctrine provides that premises owners do not owe a duty to persons entering those premises regarding dangers that are open and obvious. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 14, citing *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1963), paragraph one of the syllabus. The rationale underlying this doctrine is "that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Armstrong* at ¶ 5, quoting *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 1992-Ohio-42, 597 N.E.2d 504. Therefore, the

open and obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims. *Id.*

{¶11} The question of whether a danger is open and obvious is an objective one. *Abdelshahid v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 102109, 2015-Ohio-2274, ¶ 25, citing *Goode v. Mt. Gillion Baptist Church*, 8th Dist. Cuyahoga No. 87876, 2006-Ohio-6936, ¶ 25. The fact that a plaintiff was unaware of the danger is not dispositive of the issue. *Id.* Rather, the court must consider whether, in light of the specific facts and circumstances of the case, an objective, reasonable person would deem the danger open and obvious. *Id.*; *Carpenter v. Marc Glassman, Inc.*, 124 Ohio App.3d 236, 705 N.E.2d 1281 (8th Dist.1997).

{¶12} In *Hill v. Vogue Beauty Academy*, 8th Dist. Cuyahoga No. 72005, 1997 Ohio App. LEXIS 3087 (July 17, 1997), this court determined that a curb near grass that abutted defendant's parking lot was an open and obvious condition that plaintiff should have observed. Similarly, in *Haymond v. BP Am.*, 8th Dist. Cuyahoga No. 86733, 2006-Ohio-2732, ¶ 20, this court held that a concrete slab that served as a parking barrier was an open and obvious condition that the plaintiff should have discovered and taken steps to protect herself against. Likewise, in *Brown v. Classic Ventures Food Div., Inc.*, 8th Dist Cuyahoga No. 84656, 2005-Ohio-112, ¶ 15, this court held that a concrete parking curb near an entrance drive was an open and obvious condition that the plaintiff "should have been aware of, and he should have taken appropriate steps to protect himself." *Id.* at ¶ 16.

{¶13} Additionally, Ohio courts have consistently recognized that darkness is an open and obvious condition that should not be disregarded. *McDonald v. Marbella Restaurant*, 8th Dist. Cuyahoga No. 89810, 2008-Ohio-3667, ¶ 33. "Darkness is always a warning of danger, and for one's own protection it may not be disregarded." *Id.*, quoting *Jeswald v. Hutt*, 15 Ohio St.2d 224, 239 N.E.2d 37 (1968), paragraph three of the syllabus. Under this rule, courts have applied the open and obvious doctrine and denied recovery where a plaintiff seeks to recover against a property owner for injuries sustained as a result of stepping into darkness and sustaining injuries as a result of another object or danger. *Id.*, citing *Rezac v. Cuyahoga Falls Concerts, Inc.*, 9th Dist. Summit No. 23313, 2007-Ohio-703; *Leonard v. Modene & Assoc., Inc.*, 6th Dist. Wood No. WD-05-085, 2006-Ohio-5471.

{¶14} Further, with regard to parking lots, this court has observed that "one who maintains a private motor vehicle parking area, for the accommodation of those he serves in a professional or business way, is generally under no legal obligation to illuminate the same at night." *Gates v. Speedway Superamerica, L.L.C.*, 8th Dist. Cuyahoga No. 90563, 2008-Ohio-5131, ¶ 17 (internal quotations omitted.) The *Gates* court stated:

> Regardless of whether the parking lot at Speedway that evening was dim, partially lit, or dark, we hold that Speedway did not owe Ms. Gates a duty to adequately light the area. Her testimony that she knew she was stepping into total darkness stands as warning enough that she needed to be more careful.

*Id.* at ¶ 18.

**{¶15}** The "attendant circumstances" surrounding a slip and fall may create a material issue of fact regarding whether the danger was open and obvious. *Bounds v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 90610, 2008-Ohio-5989, ¶ 24; *Collins v. McDonald's Corp.*, 8th Dist. Cuyahoga No. 83282, 2004-Ohio-4074, ¶ 12, fn. 1. Attendant circumstances generally include "any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time." *McGuire v. Sears, Roebuck and Co.*, 118 Ohio App.3d 494, 499, 693 N.E.2d 807 (1st Dist.1996).

**{¶16}** However, in *Hope v. Kaufmann's*, 8th Dist. Cuyahoga No. 74163, 1999 Ohio App. LEXIS 2425 (May 27, 1999), this court held that the darkness in the parking lot, the fact that plaintiff carried a shopping bag and purse, the crowded condition in the parking lot, and the heavy holiday traffic were not "attendant circumstances" and did not constitute attendant circumstances creating an unreasonably dangerous condition. *Accord Sheppard v. KAP Realty*, 10th Dist. Franklin No. 75860, 1999 Ohio App. LEXIS 3717 (Aug. 12, 1999) (pothole in a parking lot deemed open and obvious, despite plaintiff's argument that she did not see it due to darkness); *Mayhew v. Massey*, 7th Dist. Mahoning No. 16 MA 0049, 2017-Ohio-1016, ¶ 23 (power outage not an attendant circumstance where plaintiff fell going down stairs). Moreover, "darkness is a completely predictable event that is not of the landlord's making." *Mann v. Northgate Investors, L.L.C.*, 2012-Ohio-2871, 973 N.E.2d 772 (10th Dist.), ¶ 23, quoting *Mowery v. Shoaf*, 148 Ohio App.3d 403, 2002-Ohio-3006, 773 N.E.2d 1053 (7th Dist.).

**{¶17}** In consideration of the foregoing principles, and following a thorough review of the record, we note that Butler asserted both that the raised concrete and grass barrier situated near the entrance to the emergency room was the cause of her injury and that she could not see it properly due to poor illumination. However, as a matter of law, the raised concrete island was an open and obvious condition that Butler should have observed and taken appropriate steps to protect herself against as she traversed the area. Further, although Butler complained that the parking area was dark, Cleveland Clinic was under no duty to illuminate the area and the darkness was itself an open and obvious condition. Moreover, darkness due to lack of illumination at nighttime is not an attendant circumstance that creates an exception to the open and obvious doctrine in this instance.

**{¶18}** Finally, Butler cites to R.C. 3781.06 in support of her claim that the area was defective. We note, however, that she did not raise this issue below. In any event, R.C. 3781.06 provides simply that public buildings "shall be safe and sanitary for their intended use and occupancy." Therefore, this provision does not demonstrate that the raised concrete island near the entrance to the emergency room was defective.

**{¶19}** In accordance with all of the foregoing, the trial court did not err in awarding Cleveland Clinic summary judgment. The assigned error is without merit.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

KATHLEEN ANN KEOUGH, P.J. and
FRANK D. CELEBREZZE, JR., J., CONCUR